NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SPARK INNOVATORS, CORP., <br><br> Plaintiff, <br> v. <br><br> KONAD U.S.A. DISTRIBUTION, INC. et al. <br><br> Defendants. | Civil Action No.: 12-4505 (JLL) <br><br> **ORDER** |

**LINARES**, District Judge.

This matter comes before the Court by way of Plaintiff's motion for default judgment (CM/ECF No. 10) against Konad U.S.A. Distribution, Inc. ("Konad" or "Defendant") and a cross-motion by Defendant to vacate the entry of default (CM/ECF No. 12). The Court has considered the Parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78, and finds as follows.

The Court has a continuing responsibility to raise the issue of subject matter jurisdiction *sua sponte* when it is in question. *See, e.g., Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002). Therefore, before the Court may entertain Defendants' motions, it must first ensure that it has subject matter jurisdiction.

Plaintiff filed this action seeking a declaratory judgment regarding intellectual property rights to certain "nail art products." (Compl. ¶ 1). The Complaint asserts that there is jurisdiction pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, "in that an

1

Plaintiff filed this action seeking a declaratory judgment regarding intellectual property rights to certain "nail art products." (Compl. ¶ 1). As alleged in the Complaint, on September 28, 2011, Konad demanded that Plaintiff Spark cease and desist the sale of products infringing on its trademarks and copyrights. (Compl. ¶ 21; Ex. 1). In addition, "[d]espite a dialogue between the parties related to whether Konad's alleged marks were in fact infringed by Spark's product," on March 14, 2012, Konad brought suit against Spark in the Central District of California asserting the following: (1) federal trademark dilution; (2) federal trademark infringement; (3) false designation of origin; (4) trademark infringement under California law; and (5) federal copyright infringement ("California Action"). (Compl. ¶ 24; Ex. 2). Plaintiff allegedly sought leave to file an amended complaint but, on July 13, 2012, voluntarily dismissed without prejudice the California Action before a hearing on Plaintiff's then pending motion to dismiss. (Compl. ¶ 28).

A request for relief under the Declaratory Judgment Act does not, in and of itself, confer a federal court with jurisdiction. See Exxon Corp. v. Hunt, 683 F.2d 69, 72 (3d Cir. 1982). The Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The United States Supreme Court has long held that "the operation of the Declaratory Judgment Act is procedural only." Aetna Life Ins. Co v. Haworth, 300 U.S. 227, 240, 57 S.Ct. 461 (1937). The "actual controversy" requirement under the Act is coextensive with the justiciability requirement of Article III of the United States Constitution. Id.; MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127, 127 S.Ct. 764 (2007). To constitute a case and controversy under the Declaratory Judgment Act, the totality of the circumstances must "show that there is a substantial

controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 272 (1941); MedImmune, 549 U.S. at 127.

In light of the foregoing, the Court will not address the merits of the currently pending motions until it is satisfied that it has subject matter jurisdiction over the instant case. Accordingly,

IT IS on this 20 day of November, 2012,

**ORDERED** that the Clerk of the Court shall administratively terminate Plaintiff's motion for default judgment and Defendant's cross-motion to vacate the entry of default; and it is further

**ORDERED** that Plaintiff shall, within fourteen days (14), file a brief not to exceed seven (7) pages setting forth the exact basis of the Court's subject matter jurisdiction under 28 U.S.C. § 2201; and it is further

**ORDERED** that Defendants may file a response not to exceed (7) pages within seven (7) days of Plaintiff's filing.

**SO ORDERED.**

_____
JOSE L. LINARES
U.S. DISTRICT JUDGE

3